United States District Court
Southern District of Texas
**ENTERED**
May 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-25-4054 |
| v. | § | (CRIMINAL NUMBER H-20-239-01) |
| | § | |
| JOSEPH RAYMOND WEEKS, | § | |
| | § | |
| Defendant/Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Joseph Raymond Weeks ("Petitioner") was found guilty of one count of Possession With Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii), and one count of Use or Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(A)(i).[1]  Pending before the court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 217).  For the reasons explained below, Petitioner's § 2255 Motion will be denied.

### I.  Background

Petitioner was first charged in this case on May 27, 2020.[2] The  Original  Indictment  charged  Petitioner,  along  with  one

---

[1]Judgment in a Criminal Case, Docket Entry No. 162, p. 1.  All page numbers reference the pagination imprinted at the tope of the page by the court's Electronic Case Filing System.

[2]Original Indictment, Docket Entry No. 15.

codefendant, with one count of Conspiracy to Possess With Intent to Distribute Controlled Substance and one count of Possession With Intent to Distribute Controlled Substance.[3]  On July 1, 2020, a Superseding Indictment was returned against Petitioner and two codefendants, charging Petitioner and a codefendant with three counts of Conspiracy to Possess With Intent to Distribute Controlled Substance (Counts 1, 3, and 5) and three counts of Possession With Intent to Distribute Controlled Substance (Counts 2, 4, and 6), and Petitioner alone with one count of Felon in Possession of a Firearm (Count 9).[4]

On October 11, 2022, the Government filed a two-count Superseding Criminal Information that charged Petitioner alone with one count of Possession With Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii) (Count 1), and one count of Use or Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) & (c)(1)(A)(i) (Count 2).[5]  The Criminal Information alleged that Petitioner "intentionally possess[ed] with [the] intent to distribute . . . a quantity of 50 grams or more of a

---

[3]Id.

[4]Superseding Indictment, Docket Entry No. 28, pp. 1–6. Petitioner was charged with codefendant Rhett Dwayne Farrell for Counts 1–4, with codefendant Jessica Wickman-Cano for Counts 5–6, and Petitioner alone for Count 9.  The Superseding Indictment alleged that Petitioner was in possession of fentanyl (Counts 1–2) and heroin (Counts 3–6).

[5]Superseding Criminal Information ("Criminal Information"), Docket Entry No. 114.

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance" and that Petitioner "knowingly use[d] or carr[ied] a firearm . . . during and in relation to a drug trafficking crime."[6]  On October 13, 2022, Petitioner "waive[d] [his] right to prosecution by indictment and consent[ed] to prosecution by information" before a United States Magistrate Judge.[7]

That same day, pursuant to a Plea Agreement with the Government, Petitioner pled guilty to Counts 1 and 2 of the Criminal Information.[8]  During the rearraignment Petitioner stated under oath that he understood he was pleading guilty to Counts 1 and 2 of the Criminal Information.[9]  The court ensured that Petitioner understood the consequences of pleading guilty, warned Petitioner about the maximum sentence he faced for each charge, and reviewed specific provisions of the Plea Agreement with Petitioner.[10]  Based on Petitioner's responses to the court's questions, the court found that Petitioner's guilty plea was made

---

[6]Id.

[7]Waiver of an Indictment, Docket Entry No. 120; Arraignment (Via Zoom) Before the Honorable Yvonne Y. Ho, United States Magistrate Judge ("Arraignment Transcript"), Docket Entry No. 203, p. 4 line 5 thru p. 5 line 24.

[8]Transcript of Proceedings Before the Honorable Sim Lake, Rearraignment ("Rearraignment Transcript"), Docket Entry No. 191, p. 3 lines 13-23, p. 16 lines 23-25; Plea Agreement, Docket Entry No. 122, p. 1 ¶ 1 (sealed).

[9]Rearraignment Transcript, Docket Entry No. 191, p. 3 lines 13-23.

[10]Id. at p. 9 line 15 thru p. 14 line 16.

knowingly and voluntarily.[11]  After finding that Petitioner was "fully competent and capable of entering . . . a knowing and voluntary plea," the court accepted Petitioner's guilty plea.[12] Petitioner signed the Plea Agreement, which included an addendum that certified that Petitioner had "consulted with [his] attorney and fully underst[ood] all [his] rights with respect to the Criminal Information pending against [him]."[13]

On March 16, 2023, the court sentenced Petitioner to 120 months as to Count 1, followed by a consecutive term of 60 months as to Count 2, for a total of 180 months.[14]  After Petitioner was sentenced, the Original and Superseding Indictments were dismissed.[15]

Petitioner appealed his conviction and sentence to the Fifth Circuit.[16]  After the appeal was filed, Petitioner's counsel moved for leave to withdraw, arguing that the appeal presented no nonfrivolous issue for appellate review.[17]  Agreeing with counsel's

---

[11]Id. at 17 lines 6-12.

[12]Id.

[13]Plea Agreement-Addendum, Docket Entry No. 122, p. 14 (sealed).

[14]Judgment in a Criminal Case, Docket Entry No. 162, p. 2.

[15]United States' Unopposed Motion to Dismiss Original and First Superseding Indictments, Docket Entry No. 157, p. 1; Order of Dismissal, Docket Entry No. 161.

[16]Defendant's Notice of Appeal, Docket Entry No. 165.

[17]Opinion of the Fifth Circuit Court of Appeals, Docket Entry No. 214.

assessment, the Fifth Circuit granted counsel's motion to withdraw and dismissed Petitioner's appeal.[18]

On August 20, 2025, Petitioner filed his § 2255 motion.[19]  The Government filed a response on December 22, 2025, arguing that Petitioner's claims lack merit.[20]  Petitioner has filed a reply.[21]

## II.  **Analysis**

Petitioner argues that because the Government constructively amended his Original Indictment, his counsel was ineffective for failing to file a motion to dismiss or a motion for a bill of particulars.[22]  Petitioner also argues that his counsel was ineffective for failing to raise on appeal that the Government constructively amended the Original Indictment.[23]

---

[18]Id.  The court issued its opinion on November 5, 2024. Because Petitioner did not file a writ of certiorari, his conviction became final 90 days after the Fifth Circuit issued its decision, February 5, 2025.  Dodd v. United States, 125 S. Ct. 2478, 2480 (2005).  Accordingly, Petitioner had until February 5, 2026, to file his § 2255 motion.  See 28 U.S.C. § 2255(f)(1).

[19]Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By Person in Federal Custody ("Petitioner's § 2255 Motion"), Docket Entry No. 217, p. 14.

[20]United States' Memorandum in Opposition to 28 U.S.C. § 2255 Motion ("Government's Response"), Docket Entry No. 228, pp. 1, 10.

[21]Verified Reply in [] Support of Motion For Post-Conviction Relief Pursuant to 28 U.S.C. Section 2255, Docket Entry No. 229.

[22]Petitioner's § 2255 Motion, Docket Entry No. 217, pp. 4, 6, 37.

[23]Id. at 6, 23.

"A claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal." United States v. Conley, 349 F.3d 837, 839 n.1 (5th Cir. 2003) (internal quotation marks and citation omitted). To prevail on an ineffective assistance of counsel claim a convicted defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).

Performance is deficient if the defendant's lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 2066.

To show prejudice a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. For a trial error, the defendant must show that counsel's errors were "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 131 S. Ct. 770, 787-88 (2011).

**A.    Petitioner's counsel was not ineffective for failing to file a motion to dismiss or a motion for a bill of particulars.**

Petitioner argues that the Government constructively amended the Superseding Indictment by prosecuting him with a Criminal Information that included a charge under 18 U.S.C. § 924(c)(1) and that his counsel was therefore ineffective for failing to file a motion to dismiss the Original Indictment or a motion for a bill of particulars.[24]

First, because Petitioner entered a knowing and voluntary plea, his claim that his counsel was ineffective for failing to file a motion to dismiss the Original Indictment or a motion for a bill of particulars is waived. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (stating that "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," which "includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary").

Even if Petitioner's claims were not waived by his knowing and voluntary plea, his claim fails on the merits.  The Government did not constructively amend the Superseding Indictment by prosecuting Petitioner with a Criminal Information.  See United States v. Thompson, 647 F.3d 180, 184 (5th Cir. 2011) ("A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of

---

[24]Id. at 4, 6, 37.

the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which [he] was charged.").

Although Petitioner was not charged with a violation of 18 U.S.C. § 924(c)(1) in the Original Indictment or the Superseding Indictment, he was charged with a violation of 18 U.S.C. § 924(c)(1) in the Criminal Information.[25]  During his arraignment hearing on the Criminal Information, the United States Magistrate Judge explained the difference between being tried by an indictment and being tried by a criminal information; and Petitioner consented to being tried by the Criminal Information.[26]  Then after consenting orally, Petitioner read and signed a consent form that was titled "Waiver of an Indictment" and stated:

> I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.
>
> After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.[27]

Additionally, after the court accepted Petitioner's guilty plea, he signed his Plea Agreement, which included the following language:

---

[25]Criminal Information, Docket Entry No. 114, p. 2; see generally, Original Indictment, Docket Entry No. 15; Superseding Indictment, Docket Entry No. 28.

[26]Arraignment Transcript, Docket Entry No. 203, p. 4 line 5 thru p. 5 line 24.

[27]Waiver of an Indictment, Docket Entry No. 120, p. 1; Arraignment Transcript, Docket Entry No. 203, p. 4 line 5 thru p. 5 line 24.

> I have consulted with my attorney and fully understand all my rights with respect to the Criminal Information against me.[28]

Moreover, it is clear that Petitioner understood that Count 2 of the Criminal Information charged him with one count of Use or Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(A)(i). Before accepting his guilty plea, the court explained to Petitioner that "Count 2 [of the criminal information] charge[d] [him] with carrying a firearm during and in relation to a drug trafficking crime, in violation of" 18 U.S.C. § 924(c)(1).[29]  After the court explained the charges against him, Petitioner stated on the record that he understood that he was pleading guilty to Count 2 of the Criminal Information.[30]  Petitioner also signed his Plea Agreement, which stated that he agreed to plead guilty to Count 2 of the Criminal Information.[31]

Because Petitioner has failed to establish that the Government constructively amended the Original Indictment, counsel was not ineffective for failing to file a motion to dismiss the Original Indictment or motion for a bill of particulars.  Accordingly, the

---

[28]Plea Agreement–Addendum, Docket Entry No. 122, p. 14 (sealed); Rearraignment Transcript, Docket Entry No. 191, p. 17 lines 4–5.

[29]Rearraignment Transcript, Docket Entry No. 191, p. 3 lines 13–21.

[30]Id. at lines 18–23.

[31]Plea Agreement, Docket Entry No. 122, p. 1 (sealed).

court concludes that Petitioner has failed to establish either prong of the <u>Strickland</u> test for this claim.

**B.   Counsel was not ineffective for failing to raise on appeal that the Government constructively amended the Original Indictment.**

Petitioner argues that counsel was ineffective for failing to raise that the Government constructively amended the Original Indictment on appeal.[32]

"[A]ppellate counsel need not 'raise every nonfrivolous ground of appeal available' in order to be effective." <u>Higgins v. Cain</u>, 720 F.3d 255, 265 (5th Cir. 2013) (quoting <u>Green v. Johnson</u>, 160 F.3d 1029, 1043 (5th Cir. 1998)). "Instead, appellate counsel's failure to raise an argument on direct appeal will be considered ineffective only when counsel fails to perform 'in a reasonably effective manner.'" <u>Id.</u> (quoting <u>Green</u>, 160 F.3d at 1043). "This standard requires that appellate counsel 'research relevant facts and law, or make an informed decision that certain avenues will not prove faithful.'" <u>Id.</u> (quoting <u>United States v. Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000)). Therefore, "to determine whether appellate counsel's performance was deficient, [the court] must consider whether the . . . arguments are 'sufficiently meritorious such that . . . counsel should have raised [them] on appeal.'" <u>Id.</u> (quoting <u>Phillips</u>, 210 F.3d at 348).

---

[32]Petitioner's § 2255 Motion, Docket Entry No. 217, pp. 6, 23.

As discussed above, the Government did not constructively amend the Original Indictment by prosecuting Petitioner with a Criminal Information that included a charge for violating 18 U.S.C. § 924(c)(1).  Petitioner's counsel was therefore not ineffective for failing to raise the issue on appeal.  Roberts v. Thaler, 681 F.3d 597, 611 (5th Cir. 2012) ("'[C]ounsel is not required to make futile motions or objections.'").  Accordingly, the court finds that Petitioner has failed to establish either prong of the Strickland test for this claim.

## III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless that applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." <u>Miller-El v. Cockrell,</u> 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, <u>sua sponte,</u> without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson,</u> 211 F.3d 895, 898 (5th Cir. 2000). Because the court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, a certificate of appealability will be denied.

## IV.   Conclusion and Order

For the reasons explained above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 217) is **DENIED.**

Because the court concludes that no reasonable jurist could find any of Petitioner's claims meritorious, a certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE